MEMORANDUM **
Petitioner Roger Timothy appeals the federal district court’s dismissal of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
Timothy did not exhaust his claim that his counsel was ineffective for allowing him to plead guilty while knowing Timothy was taking drugs as part of his mental health treatment. The ineffective assistance of counsel claim Timothy raised before state court had a different factual basis. See Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir.1999) (stating a claim is exhausted when the petitioner presents the issue’s factual and legal basis to the state’s highest court). And the Nevada Supreme Court did not consider an ineffective assistance of counsel claim on this factual basis. See Casey v. Moore, 386 F.3d 896, 916 n. 18 (9th Cir.2004) (“[A] claim is exhausted if the State’s highest court expressly addresses the claim, whether or not it was fairly presented.”).
We decline to expand the certificate of appealability to include a claim that Timothy exhausted his claim that his guilty plea was not knowing or voluntary. A state court claim is not exhausted if the *65 petitioner presents “new evidence that places the claim in a significantly different posture, when that evidence was never presented to the state courts.” Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir.1988). Because Timothy failed to introduce facts sufficient to state this claim before the state court, reasonable jurists would not find debatable the district court’s ruling that he failed to exhaust this claim. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.